**JOSEPH, an Infant, Plaintiff-Appellant, v. PETERSON et, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 5979. Decided October 28, 1958.

Herbert, Tuttle, Applegate & Britt, Paul M. Herbert, of Counsel, Columbus, for plaintiff-appellant.

William J. Lohr, Columbus, for defendants-appellees.

**OPINION**

By BRYANT, J.

The matter up for consideration at this time arises on a motion of defendants-appellees to strike the reply brief of appellant from the files for the reason that said reply brief has been filed out of rule. In support of this motion counsel for defendants-appellees rely upon Rule V, B, of the courts of appeals which provides as follows:

"Unless otherwise ordered by the Court or a Judge thereof, upon appeals on questions of law and fact, when all the testimony to be presented has been filed in the cause, the party having the burden of going forward shall within twenty (20) days thereafter file with the Clerk his trial brief in triplicate. The opposite party shall within (15) days thereafter file his answer brief in triplicate, and the reply brief thereto in triplicate shall be filed within five (5) days thereafter."

Appellees say that appellant has not complied with the rule above set forth and asks this court to strike the reply brief from the files stating that appellees' answer brief was filed August 11, 1958 and that appellant waited twenty-nine days before filing her brief.

In opposition thereto counsel for plaintiff-appellant says the initial brief of defendants-appellees was filed June 23, 1958 and the court extended the time for the appellees' brief to August 11, 1958 and that the appellees' brief was not filed until August 12, 1958, making it out of rule one day.

Appellant points to the fact that appellees had forty-nine days to prepare an answer brief and say that the reply brief in question was filed September 10, 1958. Appellant further contends that the rule in question makes the time limits applicable "unless otherwise ordered by the court," that appellees did obtain an extension to August 11, 1958 and that, therefore, the rule does not apply. It is further pointed out that new and novel questions are involved in the appeal and that the matter is of great importance.

The notice of appeal in this case, filed on June 20, 1958, states that it is "her appeal to the Court of Appeals on questions of law." It should be observed that the wrong rule has been cited. Rule V of this court deals with appeals on questions of law and fact. It will be noted by reference to the text quoted above that Rule V, B, is applicable only "upon appeals on questions of law and fact."

In the interest of accuracy it should be pointed out that Rule VII, A(2) governs the time for filing briefs in appeals on questions of law in civil cases. The said Rule VII, A(2) relates both to (1) "Bill of Exceptions" and (2) "Assignments of Error, and Briefs."

The bill of exceptions in this case was filed in this court on July 7, 1958. Rule VII, A(2) is clearly applicable in this case and provides as follows:

"Unless otherwise ordered by the Court or a Judge thereof, assignments of error and briefs shall be filed as follows:

"(a) Within twenty (20) days after the filing of the bill of exceptions with the Clerk of the Court of Appeals, appellant shall file his assignments of error and brief. If a bill of exceptions is not required to portray the claimed errors, then appellant shall file with the Clerk of the Court of Appeals his assignments of error and brief within fifty (50) days after the perfecting of the appeal as required by §2505.07 R. C.

"(b) Within fifteen (15) days after the filing of the appellant's brief, counsel for appellee shall file his brief and also at his election assignments of error on his behalf, and brief in reply thereto shall be filed within seven (7) days thereafter. The appellee's brief shall include such reasons and authorities in support of his assignments of error as he may desire, as well as an answer to appellant's brief. The appellant's reply brief may cover all matter in the appellee's brief."

The appellant in the usual appeal on questions of law has twenty days after the filing of the bill of exceptions in this court to file his brief and assignments of error. While the answer brief of appellees is due fifteen days after the date of filing the appellant's brief, it is seven days after the appellee's brief is filed that the reply brief of appellant is due to be filed.

Without laboring the question further the fact is that the proceeding has not been delayed due to the date on which the reply brief of the

appellant was filed and no purpose, useful or otherwise, would appear to be served by striking such brief from the file. Perhaps the only one penalized, if such action were taken, would be the court itself in that the court would be deprived of the additional discussions and authorities cited in such reply brief.

The motion therefore should be overruled.

PETREE, PJ, MILLER, J, concur.