**BOYD et al.**

v.

**WATSON et al.**

Court of Common Pleas of Ohio,
Clermont County.

No. 93–CV–0658.

Decided July 15, 1996.

*Carl Zugelter*, for plaintiffs.

*James W. Gustin* and *John E. Brehm, Jr.,* for defendants Theresa Watson and Michael Watson.

*James B. Barbeau,* for defendant Raymond Boyd.

---

ROBERT P. RINGLAND, Judge.

This matter comes before the court pursuant to defendants' motions for summary judgment. The parties submitted the motions on their briefs, and after having reviewed the briefs, as well as the affidavits and depositions presented by the parties, the court hereby renders a decision as follows.

This case arose following an accident which occurred on May 15, 1993, while the plaintiff, Harold Boyd (age twelve) and defendant Michael Watson (age nine) were operating dirt bikes on property located near Watson's home in Clermont County, Ohio. The boys had received these bikes as Christmas presents the previous year from defendant Raymond Boyd (Harold's father). At the time that the accident occurred, the plaintiff, Harold Boyd, was visiting his father, who was living with Theresa Watson and her son, Michael.

The evidence presented to the court indicates that just prior to the accident, the two boys were riding their bikes over a flat trail running across a nearby field. This trail was about as wide as a truck and used for farm equipment. Michael Watson was riding down the trail ahead of Harold when he decided to return to the house. Michael then made a turn around a brush pile and headed back towards the house in the direction from which Harold was coming, and noticed that Harold was headed down the center of the path towards him, approximately fifty yards away. While Michael steered toward the right to avoid hitting Harold, Harold steered toward the left; thus, the boys were still heading straight for each other. The boys then attempted to brake, but Harold's tires locked up, causing the back end of his bike to go right. The boys, then, within a matter of a couple of seconds, attempted to pass to the left of each other and came into contact, causing plaintiff's injuries.

In plaintiff's first claim for relief, it is alleged that defendant Michael Watson operated his dirt bike in a negligent manner, thus causing the accident resulting in plaintiff's injuries. Defendant Michael Watson asserts that he was engaged in a recreational activity with plaintiff at the time that the accident occurred, and that, as such, he is not liable for plaintiff's injuries, since he did not act in a reckless manner.

■ Participants in recreational or sporting activities assume the ordinary risks of such activities and cannot recover damages on the basis that another participant injured them unless it can be shown that the other participant's

actions were reckless or intentional. *Marchetti v. Kalish* (1990), 53 Ohio St.3d 95, 559 N.E.2d 699; thus, negligent conduct among participants in a recreational activity does not result in liability. *Thompson v. McNeill* (1990), 53 Ohio St.3d 102, 559 N.E.2d 705.

Plaintiff does not dispute defendants' contentions that Michael Watson and Harold Boyd were engaged in a recreational activity at the time that the accident occurred. In order for defendant Michael Watson to be held liable for plaintiff's injuries, his actions would have to have gone beyond mere negligence. *Marchetti, supra.* In light of the fact that plaintiff makes allegations only as to negligence in his first claim against defendant Michael Watson, defendant Michael Watson's motion for summary judgment is well taken.

 In their motions for summary judgment, defendants Theresa Watson and Raymond Boyd submit that they cannot be liable for negligence, since there is no authority that a dirt bike is *per se* a dangerous instrumentality. Parents are generally not liable for the wrongful conduct of their children. *Darwish v. Harmon* (1992), 91 Ohio App.3d 630, 633 N.E.2d 546 (citing *Huston v. Konieczny* [1990], 52 Ohio St.3d 214, 556 N.E.2d 505). A parent can be liable for his own negligent act when the injury caused by the child is foreseeable to the parent. *Id.* Foreseeability of the child's conduct can occur in several different ways. First, the parent can be liable for negligent entrustment when he entrusts his child with an instrumentality which, because of the child's immaturity or lack of experience, may become a source of danger to others. *Id.* Liability for negligent entrustment may take different forms: a parent may be liable for entrusting a child with an instrumentality that is dangerous *per se,* or when he entrusts a child with an instrumentality that is not dangerous *per se,* but becomes dangerous due to the immaturity or inexperience of the child. *Haefele v. Phillips* (Apr. 25, 1995), Franklin App. No. 90AP–1331, unreported, 1991 WL 64896; see, also, *Joseph v. Peterson* (1958), 108 Ohio App. 519, 9 O.O.2d 498, 159 N.E.2d 367. A parent may also be liable for negligent supervision when the parent fails to exercise proper parental control over his child, and the parent knows, or should know from his knowledge of habits or tendencies of the child, that failure to exercise such control poses unreasonable risk that the child will injure others. *McGinnis v. Kinkaid* (1981), 1 Ohio App.3d 4, 8–9, 1 OBR 45, 49, 437 N.E.2d 313, 317; *Cashman v. Reider's Stop–N–Shop Supermarket* (1986), 29 Ohio App.3d 142, 29 OBR 158, 504 N.E.2d 487. Finally, a parent may be liable for consenting to, directing, or sanctioning his child's wrongdoing. *Huston, supra,* 52 Ohio St.3d at 218, 556 N.E.2d at 509–510.

It becomes apparent from a review of the parental-liability cases that it is not necessary for an instrumentality to be dangerous *per se* before liability will be imposed. Although plaintiff has cited no authority which would lead this court to

conclude that a dirt bike is dangerous *per se,* defendants Theresa Watson and Raymond Boyd may still be liable for negligent entrustment and/or negligent supervision.

█ Reasonable minds could differ on whether injuries were foreseeable due to the manner in which Michael Watson operated his dirt bike. Defendants present evidence on how they supervised Michael Watson when he first started riding his new dirt bike, and on the fact that Michael had prior experience with bikes. Plaintiff counters this evidence with allegations that Michael had almost crashed in the presence of his parents while riding the bike in his own driveway. Further, plaintiff avers that Michael crashed several times on his bike due to taking corners too fast. It is unclear from the record whether the defendants knew that Michael had been driving too fast when taking corners. Nevertheless, on a motion for summary judgment, the evidence must be construed most strongly in favor of the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Thus, the court finds conflicting evidence on the manner in which Michael Watson operated his bike and, hence, whether plaintiff's injuries were foreseeable, since plaintiff and Michael Watson often rode their bikes together. In light of the foregoing, the court must deny defendants' motions for summary judgment with respect to plaintiff's second and fourth claims for relief.

█ In plaintiff's third cause of action, a claim is asserted against Raymond Boyd for violation of R.C. 4519.44, which plaintiff claims constitutes negligence *per se.*

" ' "Where there exists a *legislature enactment* commanding or prohibiting for the safety of others the doing of a specific act and there is a violation of such enactment solely by one whose duty it is to obey it, such violation constitutes negligence per se * * *." ' " (Emphasis *sic.*) *Zimmerman v. St. Peter's Catholic Church* (1993), 87 Ohio App.3d 752, 756, 622 N.E.2d 1184, 1186 (quoting *Jaworowski v. Med. Radiation Consultants* [1991], 71 Ohio App.3d 320, 329, 594 N.E.2d 9, 15, quoting *Eisenhuth v. Moneyhon* [1954], 161 Ohio St. 367, 53 O.O. 274, 119 N.E.2d 440, at paragraph three of the syllabus).

Defendant Raymond Boyd cannot be negligent *per se* for violation of R.C. 4519.44, for, as pointed out by defendant, "this statute as drafted is only [a] prohibition against conduct of the minor, not against conduct of the parents." *Crabtree v. Shultz* (1977), 57 Ohio App.2d 33, 37, 11 O.O.3d 31, 33, 384 N.E.2d 1294, 1297. Since Raymond Boyd has no duty imposed upon him by the language of R.C. 4519.44, any violation of this statute does not constitute negligence *per se* on Raymond Boyd's part. Summary judgment is granted in favor of defendant Raymond Boyd on plaintiff's third claim.

In summation, the court hereby grants summary judgment with respect to plaintiff's first and third claims, but otherwise denies the motions for summary judgment, inasmuch as reasonable minds could differ as to whether the plaintiff's injuries were foreseeable due to the manner in which Michael Watson operated his dirt bike.

*Judgment accordingly.*