JOURNAL ENTRY AND OPINION
{¶ 1} Mary Ellen Michaels appeals the trial court's grant of a motion for summary judgment in favor of all appellees. After a review of the record presented and arguments of the parties, we affirm the decision of the trial court for the reasons set forth below.
 {¶ 2} The underlying facts of the case are as follows. Appellant is an experienced roller blader. On May 19, 2001, she was roller blading on the bike path in Bonnie Park in Strongsville, Ohio, which is part of the larger Metroparks system. The path was a smooth asphalt surface, approximately six feet wide, divided by a visible green line into two lanes. Along the path, appellant encountered a pair of seven-year-old twins, Regis and Ryan Gallagher, bicycling with their grandmother, Anne Welch. Appellant testified that the grandmother was walking beside the boys, but the grandmother asserted that she had rented a bicycle that day and was riding with them. Appellant contends that the children were riding "on the wrong side of the bike path," and that she yelled at the children to move over. Appellant successfully passed Ryan, but in an attempt to move out of the appellant's lane of travel, Regis stopped his bicycle on the path. Appellant then collided with the child's bicycle and suffered a broken leg. The child was not injured in the accident.
 {¶ 3} On April 10, 2003, appellant filed a complaint in the common pleas court against Regis Gallagher, his parents, and his grandmother alleging negligence on the part of the minor child in operating the bicycle, negligence on the part of the parents and the grandmother in "failing to instruct [the child] in the safe and proper use of his bicycle" and/or in "failing to remove the bicycle from the child's possession or otherwise control the child" so as to avoid injury to others.
 {¶ 4} A motion for summary judgment on the part of the appellees was filed on December 12, 2003. On March 23, 2004, the trial court granted that motion, and appellant now appeals with three assignments of error.[1]
 Summary Judgment {¶ 5} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std. OilCo. (1982), 70 Ohio App.2d 1; Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317.
 {¶ 6} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
 {¶ 7} In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Medina, Ltd. of Texas
(1991), 59 Ohio St.3d 108. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 8} Finally, this court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs.
(1993), 87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990),71 Ohio App.3d 46,50; Link v. Leadworks Corp. (1992),79 Ohio App.3d 735,741.
 {¶ 9} In ruling on an assignment of error dealing with the granting or denial of a motion for summary judgment, this court must review the same evidentiary material provided to the trial court for review. Murphy v. Reynoldsburg, 65 Ohio St. 356, 360.
 Negligence and Recreational Activity {¶ 10} Appellant alleges negligence in her complaint against Regis, his parents and his grandmother. To establish a claim under a theory of negligence, appellant would have to establish three elements: a duty or obligation on the part of each of the appellees to protect her from injury; a breach of that duty; and an injury proximately resulting from that breach. Wellman v.East Ohio Gas Co. (1953) 160 Ohio St. 103, 113 N.E.2d 629. However, where individuals engage in recreational or sports activities, they assume the ordinary risk of the activity and cannot recover for any injury unless it is shown that the other participant's actions were either reckless or intentional.Marchetti v. Kalish (1990) 53 Ohio St.3d 95, 559 N.E. 2d 699, at syllabus. Negligent conduct among participants in a recreational activity does not result in liability. Thompson v.McNeill (1990), 53 Ohio St.3d 102, 559 N.E.2d 705. "* * * [I]n a personal injury action brought for injuries sustained while an individual is a participant in or a spectator at a sport or recreational activity, the age of the participant or spectator and whether he or she was capable of appreciating the inherent risks is immaterial. Instead, recovery is dependent upon whether the defendant's conduct was either reckless or intentional."Gentry v. Craycraft (2004), 101 Ohio St.3d 141, 145.
 {¶ 11} There is no issue of material fact that appellant was roller blading and the child, Regis IV, was riding a bicycle at the time of the injury. Both of these activities can clearly be considered recreational or sports activities, and both appellant and Regis were participating in them in an area designated for such activities. Yet appellant asserts only simple negligence in her complaint and does not allege that any of the appellees' conduct was reckless or intentional. In fact, she admits that the child was a "practiced and adept" bike rider and acknowledges that he was riding his bike "like any seven-year-old kid." Appellant presents no evidence that the collision was anything other than accidental; therefore, the child cannot be held liable for appellant's injury. See Boyd et al. v. Watson et al
(Clermont Common Pleas, 1996) 83 Ohio Misc.2d 88, 680 N.E.2d 251.
 Negligent Supervision and Negligent Entrustment {¶ 12} Although young Regis cannot be held liable for his actions because there is no evidence of reckless or intentional behavior, appellant asserts claims of negligent supervision and/or negligent entrustment against appellees Regis III and Paula Gallagher and Anne Welch. Parents may incur liability when they negligently entrust their child with an instrumentality (such as a gun or car) which, because of the child's immaturity or lack of experience, may become a source of danger to others.Huston v. Konieczny (1990) 52 Ohio St.3d 214, 217;556 N.E.2d 505. To establish parental liability, an injury which occurs must be foreseeable. Id.; see, also, Bertok v. Rohloff (Nov. 17, 1995), Ottawa App. No. OT-95-032.
 {¶ 13} The evidence in the case at bar demonstrates that Regis was a proficient bike rider with similar skills to other seven-year-old boys, who had been instructed by his parents in "bicycle etiquette," and who was able to operate his bicycle on a regular basis without running into objects or people. Regis had also completed the "Safety Town" training course and was able to comply with safety instructions from adults, such as getting off his bike and walking with it when there was traffic approaching. Even viewed in the light most favorable to the appellant, this evidence does not demonstrate that the child's parents or grandmother knew or should have known that the operation of a bicycle would be a source of danger to others. To the contrary, the evidence demonstrates that the parents acted responsibly in teaching the youngster how to properly operate a bicycle, that he had no prior collisions or falls which would give rise to a concern about his ability to operate the bicycle, and that he was adequately supervised by an appropriate substitute care giver, his grandmother, at the time of the accident.
 {¶ 14} Appellant alleged that the parents and grandmother of young Regis negligently supervised this child relative to his operation of the bicycle in question. To prevail on the claims of negligent supervision asserted against the parents and grandmother, appellant must establish that: the parents/grandmother knew of the child's particular reckless/negligent tendencies (thus knowing they needed to exercise control over him); the parents/grandmother had the ability to exercise control; and, the parents/grandmother failed to exercise that control. Hau v. Gill (July 14, 1999), Lorain App. No. 98CA007061 at 2, citing D'Amico v. Burns (1984),13 Ohio App.3d 325, 327, 469 N.E.2d 1016. Appellant must also establish that the alleged parental negligence was the proximate and foreseeable cause of the injury suffered. Nearor v. Davis
(1997), 118 Ohio App.3d 806, 812, 694 N.E. 2d 120.
 {¶ 15} The parents of the child were in New Orleans at the time appellant's injury occurred and had left the child in the care of his grandmother, a suitable care giver. Appellant, therefore, cannot establish that the parents had the ability to exercise control over the child at the time she was injured, and any negligent supervision claim against the parents must fail. Further, appellant has produced no evidence that the child had reckless or negligent tendencies in bike riding of which Anne Welch should have been aware.
 {¶ 16} Accordingly, we find that the appellant's injury was a result of her voluntary participation in a recreational activity and that there was no reckless or intentional conduct on the part of the child, nor any negligent conduct by his parents or grandmother, which proximately led to that injury. Therefore, summary judgment was properly granted as to all defendants, and appellant's first two assignments of error are overruled.
 Opinion Testimony of Lay Witness {¶ 17} Finally, appellant's third assignment of error regarding the admission of her statement regarding her appraisal of the way Regis IV was riding his bike is admissible and properly considered by the trial court. As discussed above, appellant stated in her deposition that she believed he rode his bike "just like any other seven-year-old kid." Evid.R. 701 states: "If the witness is not testifying as an expert, his testimony is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue." Appellant's testimony on this subject clearly denotes her perception of the child's conduct at the time of the collision and thus falls squarely into the exception outlined in Evid.R. 701(1). Appellant's third assignment of error is also overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., Concurs; Blackmon, P.J., Dissents with separatedissenting Opinion.
[1] Assignments of error:
I. The trial court erred in granting the defendant's motion for summary judgment when there existed facts sufficient to allow a reasonable jury to find the defendants negligent.
II. The trial court erred in granting summary judgment on a rebuttable presumption when contrary facts sufficient to rebut the presumption exist.
III. The trial court erred in granting summary judgment based upon inadmissible evidence in the form of lay opinion.