**DEUTSCH, Appellant,**

v.

**BIRK et al.; Birk, Appellees.**

[Cite as *Deutsch v. Birk*, 189 Ohio App.3d 129, 2010-Ohio-3564.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA2010–01–003.

Decided Aug. 2, 2010.

Becker & Cade and Dennis A. Becker, for appellant.

David J. Balzano, for appellees.

————————

BRESSLER, Judge.

{¶ 1} Plaintiff-appellant, Todd Deutsch, appeals a decision of the Clermont County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Michaela Birk.[1]

{¶ 2} On June 10, 2007, Suzanne Birk was rollerblading on the Little Miami Bike Trail, and her minor daughter, appellee, Michaela, was riding her bicycle. Appellant was also riding his bicycle on the trail that day. At one point, appellee noticed that her mother had stopped at a lemonade stand near the path. Appellee stopped her bicycle, got off of it, and began to cross the path. When appellee did so, she pushed the bicycle into appellant's path, causing appellant to fall from his bicycle and sustain serious injuries.

{¶ 3} Appellant filed causes of actions against both appellee and appellee's mother, seeking damages for his injuries. However, appellant voluntarily dismissed his cause of action against appellee's mother. Appellee moved for summary judgment, and the trial court granted her motion, finding that she and appellant were both engaged in a recreational activity and that appellant's claim of negligence was precluded as a matter of law. Appellant appeals the trial court's decision, raising the following assignment of error.

{¶ 4} "The trial court erred to the prejudice of the plaintiff-appellant in granting the motion of defendant, Michaela Birk, for summary judgment."

{¶ 5} In his assignment of error, appellant argues that appellee's negligence was the proximate cause of his injuries. Appellant claims that bicyclists are required to comply with R.C. 4511.01 through 4511.99 and R.C. 4513.01 through 4513.37. Appellant also argues that any traffic law that applies to vehicles also applies to cyclists while riding on a roadway or path set aside for the exclusive use of bicycles.

{¶ 6} Summary judgment is a procedural device used to end litigation when there are no issues in a case requiring a trial. *Bergman Group v. OSI Dev., Ltd.,* Butler App. No. CA2009–12–080, 2010-Ohio-3259, 2010 WL 2723150, ¶ 13. Summary judgment is proper when (1) there are no genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3)

————

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar.

reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. Civ.R. 56(C).

{¶ 7} A trial court's decision on summary judgment is reviewed de novo. Id.; *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. In applying the de novo standard, a reviewing court is required to " 'us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial.' " *Bravard v. Curran*, 155 Ohio App.3d 713, 2004-Ohio-181, 803 N.E.2d 846, ¶ 9, quoting *Brewer v. Cleveland Bd. of Edn.* (1997), 122 Ohio App.3d 378, 383, 701 N.E.2d 1023. In reviewing a trial court's decision granting or denying a motion for summary judgment, an appellate court must review the court's decision independently, without any deference to the court's judgment. *Bravard,* citing *Burgess v. Tackas* (1998), 125 Ohio App.3d 294, 295, 708 N.E.2d 285.

{¶ 8} Negligence claims require the showing of a duty owed, a breach of that duty, and an injury proximately caused by the breach. *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 22. "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." *Adelman v. Timman* (1997), 117 Ohio App.3d 544, 549, 690 N.E.2d 1332. Determination of whether a duty exists is a question of law for the court to decide. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265.

{¶ 9} Appellant's reliance on the applicability of R.C. 4511.01 through 4511.99 and R.C. 4513.01 through 4513.37 is misplaced. According to R.C. 4511.52(A), "Sections 4511.01 to 4511.78, 4511.99, and 4513.01 to 4513.37 of the Revised Code that are applicable to bicycles apply whenever a bicycle is operated upon any highway or upon any path set aside for the exclusive use of bicycles." It is undisputed that the pathways that make up the Little Miami Bike Trail are used for various activities, including biking, walking, jogging, skateboarding, rollerblading, and horseback riding. Accordingly, we decline to extend the applicability of these statutes to this case.

{¶ 10} Next, appellant argues that the trial court incorrectly found that appellee is not liable because both parties were engaged in a recreational activity when the incident occurred. Further, appellant argues that recreational-activity immunity for negligence is limited to participants who are jointly engaged in a common recreational activity.

{¶ 11} In *Marchetti v. Kalish* (1990), 53 Ohio St.3d 95, 559 N.E.2d 699, syllabus, the Ohio Supreme Court held, "Where individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions

were either 'reckless' or 'intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d." "This rule has its genesis in the doctrine of primary assumption of the risk and is based on the rationale that a participant to a sporting event or recreational activity accepts the risks associated with the sport or activity." *Pope v. Willey,* Clermont App. No. CA2004–10–077, 2005-Ohio-4744, 2005 WL 2179317, ¶ 8, citing *Gentry v. Craycraft,* 101 Ohio St.3d 141, 2004-Ohio-379, 802 N.E.2d 1116, ¶ 10–11.

{¶ 12} The limitation of liability for negligence during recreational activities is based on the notion that some risks are so inherent in an activity that the risks cannot be eliminated. *Gallagher v. Cleveland Browns Football Co.* (1996), 74 Ohio St.3d 427, 431, 659 N.E.2d 1232; *Whisman v. Gator Invest. Properties, Inc.* (Apr. 12, 2002), 149 Ohio App.3d 225, 776 N.E.2d 1126. By choosing to participate in an activity, the participant implicitly accepts those risks. *Gentry* at ¶ 1; *Collier v. Northland Swim Club* (1987), 35 Ohio App.3d 35, 37, 518 N.E.2d 1226; *Cave v. Burt,* Ross App. No. 03CA2730, 2004-Ohio-3442, 2004 WL 1465730. The types of risks associated with the activity are those that are foreseeable and customary risks of the sport or recreational activity. *Thompson v. McNeill* (1990), 53 Ohio St.3d 102, 104–106, 559 N.E.2d 705. The doctrine relieves persons providing or taking part in a recreational activity from any duty to eliminate the risks that are so inherent in the activity or sport that such risks cannot be eliminated. *Collier* at 37, 518 N.E.2d 1226.

{¶ 13} After reviewing the record, we find that there is no issue of material fact that the parties were engaged in cycling on a multiuse trail at the time of the incident and that this activity is a recreational or sports activity. See *Michaels v. Gallagher,* Cuyahoga App. No. 84529, 2004-Ohio-7025, 2004 WL 2979938, ¶ 11. We are not persuaded by appellant's argument that this court's decision in *Pope v. Willey,* Clermont App. No. CA2004–10–077, 2005-Ohio-4744, 2005 WL 2179317, applies to this case. In *Pope,* this court held that although the parties were engaged in a recreational activity, the doctrine does not apply in situations where the risk is not one that is inherent in the recreational activity itself. Appellant argues that statutes, municipal ordinances, and the common law impose certain duties on cyclists, and it is not expected or anticipated that other cyclists will ride negligently and violate those duties. However, appellant was engaged in a recreational activity with which he was extremely familiar. In fact, appellant testified in his deposition that he has been a cyclist for 40 to 50 years and frequently rides on the Little Miami Bike Trail. Appellant further testified that it is very common to encounter other cyclists and children on this trail. Appellant also stated that while other cyclists often ride faster than he does, he typically rides at 15 to 20 m.p.h. and that he slows down considerably when approaching a child. Accordingly, we find that the cause of appellant's injury,

which was a collision with another cyclist on a bike trail where cyclists ride at speeds in excess of 20 m.p.h., was a foreseeable and customary risk inherent in this sport or recreational activity.

{¶ 14} We decline to limit the applicability of the recreational-activity exception to liability to only those instances where the participants are "jointly engaged in a common activity" as appellant proposes. Appellant has not cited a case directly in support of his assertion, and his reliance on *Evans v. Wills* (Dec. 27, 2001), Franklin App. No. 01AP–422, 2001 WL 1652665, is misplaced. In *Evans*, the Tenth Appellate District held that the trial court erred in granting summary judgment on the basis of the recreational-activity exception to liability for negligence where the plaintiff was walking on a trail and was struck by a cyclist. However, the court in *Evans* did not hold that the parties involved must be jointly engaged in the same activity for the recreational-activity exception to apply. Rather, the court held that "being struck by a bicycle rider is not a foreseeable or customary risk of walking." Moreover, the Tenth Appellate District recently acknowledged in *Crace v. Kent State Univ.*, 185 Ohio App.3d 534, 2009-Ohio-6898, 924 N.E.2d 906, ¶ 21–26, that despite its previous holding in *Evans*, based on the Ohio Supreme Court's decision in *Gentry v. Craycraft*, 101 Ohio St.3d 141, 2004-Ohio-379, 802 N.E.2d 1116, the defense of primary assumption of the risk can be applicable in cases where even a *nonparticipant* in a recreational or sports activity is injured.

{¶ 15} Appellant asserts only negligence in his complaint and does not allege that appellee's conduct was reckless or intentional. After reviewing the record, we find that appellant presents no evidence that the collision was anything other than accidental, and thus we find that appellee cannot be held liable for his injuries. *Michaels*, 2004-Ohio-7025, 2004 WL 2979938 at ¶ 11, citing *Boyd v. Watson* (C.P.1996), 83 Ohio Misc.2d 88, 680 N.E.2d 251. Further, we find that no genuine issue of material fact exists and appellee is entitled to judgment as a matter of law.

{¶ 16} Appellant's assignment of error is overruled, and the judgment is affirmed.

Judgment affirmed.

YOUNG, P.J., and HENDRICKSON, J., concur.