[Cite as *Tarantino v. Cavaliers Operating Co., L.L.C.*, 2012-Ohio-2636.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97766**

---

## DONALD TARANTINO

PLAINTIFF-APPELLANT

vs.

## CAVALIERS OPERATING CO., LLC

DEFENDANT-APPELLEE

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-745214

**BEFORE:** Rocco, J., Stewart, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** June 14, 2012

-i-

**ATTORNEY FOR APPELLANT**

Patrick F. Roche
Davis & Young
1200 Fifth Third Center
600 Superior Avenue, E.
Cleveland, Ohio   44114-2654

**ATTORNEY FOR APPELLEE**

Charles W. Zepp
Porter, Wright, Morris & Arthur
1700 Huntington Building
925 Euclid Avenue
Cleveland, Ohio   44115-1483

KENNETH A. ROCCO, J.:

{¶1} In this appeal assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, plaintiff-appellant Donald Tarantino appeals from the trial court order that awarded summary judgment on Tarantino's personal injury claim to defendant-appellee Cavaliers Operating Co., LLC (referred to in the plural as the "Cavs").

{¶2} The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (1st Dist. 1983); App.R. 11.1(E).

{¶3} Tarantino presents two assignments of error. In his first, he claims summary judgment for the Cavs was unwarranted on the evidence submitted to the trial court. In his second, Tarantino argues the trial court should have granted his motion for partial summary judgment on the issue of liability.

{¶4} Upon a review of the record, this court finds that Tarantino's first assignment of error has merit. This court, however, lacks jurisdiction to consider his second assignment of error. Consequently, the trial court's order is reversed and this case is remanded for further proceedings.

{¶5} According to Tarantino's complaint, he was injured while attending a Cavs basketball game on March 19, 2009. Tarantino alleged the Cavs' mascot, "Moondog," inadvertently struck Tarantino's right hand, causing Tarantino to sustain a "ruptured flexor digitorum profundus tendon."

{¶6} On April 19, 2011, after the Cavs filed an answer that denied the pertinent allegations of Tarantino's complaint, the trial court issued a case management schedule. The schedule stated Tarantino's expert report was "due by 7/15/11," and that "all dispositive motions [were] due no later than 9/23/11." Subsequently, however, upon the parties' separate motions, the trial court granted the parties an enlargement of time until September 29, 2011 to file their dispositive motions.

{¶7} The Cavs timely filed their motion for summary judgment and supported it with a copy of Tarantino's deposition testimony. In his deposition, Tarantino explained the circumstances surrounding the injury in the following manner.

{¶8} Tarantino had offered a paper cutout figure to "Moondog" so that the cutout could be included in a photograph his friend was taking of the mascot. "Moondog" had "grabbed" the figure from Tarantino's hand, and, in so doing, "grabbed [Tarantino's] finger inadvertently and twisted [the] finger back * * *." Tarantino acknowledged he waited four days to obtain medical treatment for the injury.

{¶9} The Cavs argued Tarantino could not sustain his cause of action for negligence because his injury was not foreseeable and because he could not establish causation. With respect to the latter argument, the Cavs pointed out that, while Tarantino had submitted his medical records to the Cavs, he had never filed an expert report with the trial court.

{¶10} Tarantino also timely filed a motion for partial summary judgment on the issue of liability. His motion was supported by two affidavits and a copy of

"Moondog's" deposition transcript.   Therein, the mascot testified that he had no memory of the incident.

{¶11} After filing his motion for partial summary judgment, Tarantino filed a brief in opposition to the Cavs' motion for summary judgment.   He attached copies of documents he sent to the Cavs pursuant to their discovery requests, none of which was an affidavit containing an expert report.   One of the documents, however, was a letter to Tarantino's attorneys from his treating physician.

{¶12} On November 23, 2011, the trial court denied Tarantino's partial motion for summary judgment.   On December 1, 2011, the trial court granted summary judgment to the Cavs on Tarantino's complaint.

{¶13} Tarantino filed this appeal from the latter order.

{¶14} In his first assignment of error, Tarantino asserts the evidence submitted to the trial court demonstrated summary judgment for the Cavs on his negligence claim was unwarranted.[1]   This court agrees.

{¶15} Summary judgment is a procedural device used to end litigation only in cases in which there are no issues that require a trial.   *Deutsch v. Birk*, 189 Ohio App.3d 129, 2010-Ohio-3564, 937 N.E.2d 638, ¶6 (12th Dist.).   Pursuant to Civ.R. 56(C), summary judgment is proper when, construing the evidence most strongly in the nonmoving party's favor, (1) there are no genuine issues of material fact, (2) the moving party is entitled to

---

[1]Tarantino has abandoned the allegation in his complaint that the mascot's conduct was "willful, wanton and/or reckless."

judgment as a matter of law, and (3) reasonable minds can come only to a conclusion adverse to the nonmoving party.

{¶16} This court reviews a trial court's decision on summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The trial court's decision is reviewed independently, without any deference to the court's judgment. *Burgess v. Tackas*, 125 Ohio App.3d 294, 295, 708 N.E.2d 285 (8th Dist. 1998).

{¶17} Negligence claims require the showing of a duty owed, a breach of that duty, and an injury proximately caused by the breach. *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 22. "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." *Adelman v. Timman*, 117 Ohio App.3d 544, 549, 690 N.E.2d 1332 (8th Dist. 1997). The determination of whether a duty exists is a question of law. *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). In the absence of a duty, the negligence action fails. *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 472 N.E.2d 707 (1984).

{¶18} Whether a duty exists depends largely on the foreseeability of the injury to one in the plaintiff's position. When the injured person comes within the circle of those to whom injury may reasonably be anticipated, the defendant owes him a duty of care. *Gedeon v. E. Ohio Gas Co.,* 128 Ohio St. 335, 338 147 N.E. 757 (1934). Foreseeability of harm thus depends on the defendant's knowledge. *Menifee*.

{¶19} In this case, the evidence submitted to the trial court was sufficient to establish the existence of a genuine issue of material fact with respect to the existence of a duty on the Cavs' part. Although the Cavs' mascot testified he previously had never injured anyone attending a Cavs game; "Moondog" further testified that he did not remember the incident involving Tarantino. One of the photographs Tarantino submitted to the trial court, however, showed "Moondog" posing with a paper cut-out figure.

{¶20} "Moondog" also testified that, if such an incident had occurred, it would "stand out" in his mind. Tarantino's friends who attended the game with him, however, averred that Tarantino told them soon after the photo was taken that he sustained an injury to his hand because of the mascot's inadvertent grab for the figure.

{¶21} Tarantino thus presented evidence to raise an issue of fact concerning the foreseeability of such an injury as he sustained. Consequently, the record contains evidence that the Cavs may have breached their duty of care toward him. *Booze v. Amans*, 8th Dist. No. 70664, 1997 WL 150124 (Mar. 27, 1997); *compare Anderson v. Indian Valley Sch. Dist. Bd. of Edn.*, 5th Dist. Nos. 1998AP122-124, 1999 WL 175218 (Mar. 22, 1999).

{¶22} In addition, the record contains evidence sufficient to raise a genuine issue of material fact with respect to the proximate cause of Tarantino's "ruptured flexor digitorum profundus tendon" in his right hand. Although the letter written by Tarantino's treating physician is awkwardly phrased for purposes of Civ.R. 56(E), nevertheless, Loc.R. 21.1(C) of The Court of Common Pleas of Cuyahoga County,

General Division grants the trial court discretion to consider whether such a letter satisfies "the requirements of a written report" for discovery purposes. *Lowe v. Univ. Hosps. of Cleveland*, 8th Dist. No. 80341, 2002-Ohio-4084.

{¶23} The trial court in this case provided no rationale for its decision that the Cavs were entitled to summary judgment on Tarantino's claim. Because Civ.R. 56(C) requires evidence to be considered in a light most favorable to the nonmoving party, and because the physician's letter indicates that the incident "was to a reasonable degree of medical certainty a direct cause of [Tarantino's] tendon injury," this court's de novo review of the record leads to the conclusion that summary judgment for the Cavs was inappropriate. *Id.*; c*ompare Schura v. Marymount Hosp.*, 8th Dist. No. 94359, 2010-Ohio-5246, ¶ 28-29.

{¶24} Consequently, Tarantino's first assignment of error is sustained.

{¶25} This court lacks jurisdiction to review his second assignment of error. R.C. 2505.02.

{¶26} The trial court's order granting summary judgment to the Cavs on Tarantino's claim is reversed, and this case is remanded for further proceedings. It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and
MARY J. BOYLE, J., CONCUR