OPINION
{¶ 1} Plaintiff-Appellant, Elizabeth A. Taylor, appeals from a judgment of the Union County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, Jeremy C. Mathys. Taylor contends that the trial court erred in finding that Mathys was exempt from liability under the recreational user immunity statute, R.C. 1533.181. Taylor also contends that the trial court incorrectly applied the doctrine of primary assumption of the risk.
 {¶ 2} After reviewing the entire record and the applicable law, we find that Taylor and Mathys were involved in a recreational activity at the time of Taylor's injury and that there is no evidence that Mathys intentionally or recklessly caused the injury. Accordingly, under primary assumption of the risk, Mathys is not liable for Taylor's injury, and the trial court correctly granted Mathys' summary judgment motion. Therefore, both of Taylor's assignments of error are overruled, and the judgment of the trial court is affirmed.
 {¶ 3} In December of 2004, Taylor, Mathys and a mutual friend, Bobby Vanover, were using an all terrain vehicle ("ATV") to pull a homemade sled through the fields behind Mathys' home. This sled consisted of a modified truck bedliner that had been fitted with aluminum skis. All three took turns riding on the ATV and being pulled on the sled. Each run would start in Mathys' driveway, go through the fields behind his home and end back in his driveway. In order for the ATV to get enough traction in the snow, one person had to ride on the back of the ATV behind the driver. However, the ATV was not designed to carry a passenger.
 {¶ 4} During the run in question, Mathys was driving the ATV, Taylor was riding on the back of the ATV and Vanover was riding on the sled. They had just finished one run and were approaching Mathys' driveway to begin another one when, coming up on the driveway, they approached a one foot high snow drift that had been created when Mathys had plowed the driveway earlier. While going over the snow drift, Taylor's left leg got caught in the ATV's tire. This resulted in Taylor's left leg being broken. The severity of Taylor's injury required surgery.
 {¶ 5} Consequently, Taylor filed suit against Mathys. Her complaint alleged that Mathys had negligently and/or recklessly operated the ATV. Taylor's complaint also included five John Doe defendants; however, they are not pertinent to the appeal herein. In response to Taylor's complaint, Mathys filed a motion for summary judgment based upon the pleadings, a memorandum in support and the depositions of Taylor, Vanover and himself. Mathys' summary judgment motion claimed that he was immune from liability under R.C. 1533.181, the recreational user immunity statute, and that Taylor was barred from recovery under the doctrine of primary assumption of the risk. In reply, Taylor filed a memorandum in opposition to summary judgment. The trial court considered "the motion, the brief in opposition to the motion, and the documents within the case" and granted Mathys summary judgment. (Judgment Entry, page 1.) From this judgment Taylor appeals, presenting two assignments of error for our review.
 Assignment of Error I The trial court erroneously applied a rule of premisesliability, the recreational user statute, to a claim arising outof the negligent operation of a motor vehicle.
 Assignment of Error II The trial court incorrectly applied the doctrine of primaryassumption of risk because the Plaintiff-Appellant's injurieswere caused by a negligent act of the Appellee that the Appellantcould not anticipate.
 {¶ 6} Because of the nature of the assignments of error, we elect to address them out of order.
 Standard of Review {¶ 7} An appellate court reviews a summary judgment order de novo. Hillyer v. State Farm Mut. Auto. Ins. Co. (1999),131 Ohio App.3d 172, 175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. Diamond Wine Spirits, Inc. v. DaytonHeidelberg Distr. Co., 148 Ohio App.3d 596, 2002-Ohio-3932, at ¶25, citing State ex rel. Cassels v. Dayton City School Dist. Bd.of Ed. (1994), 69 Ohio St.3d 217, 222. Summary judgment is appropriate when, looking at the evidence as a whole: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. HarwickChemical Corp. (1995), 73 Ohio St.3d 679, 686-687. If any doubts exist, the issue must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-59.
 {¶ 8} The party moving for the summary judgment has the initial burden of producing some evidence that affirmatively demonstrates the lack of a genuine issue of material fact. Stateex rel. Burnes v. Athens City Clerk of Courts (1998),83 Ohio St.3d 523, 524; see, also, Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings. Id.
 Assignment of Error II {¶ 9} In her second assignment of error, Taylor claims that the trial court incorrectly applied the doctrine of primary assumption of the risk. She contends that the facts herein demonstrate that Mathys acted negligently and/or recklessly when he drove the ATV over the snow drift. She also asserts that the accident was unforeseeable and that she could not have assumed an unanticipated risk.
 {¶ 10} In applying primary assumption of the risk to recreational activities, the Ohio Supreme Court has held that "[w]here individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either `reckless' or `intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d."Gentry v. Craycraft, 101 Ohio St.3d 141, 2004-Ohio-379, at ¶ 6, quoting Marchetti v. Kalish (1990), 53 Ohio St.3d 95, syllabus. No liability attaches for injuries caused by negligence that occurs during recreational activities. Gentry at ¶ 6, citingThompson v. McNeill (1990), 53 Ohio St.3d 102, paragraphs one and two of the syllabus. This limitation on liability extends to the spectators of a recreational activity as well as the participants. Gentry at ¶ 6, citing Thompson,53 Ohio St.3d at 104.
 {¶ 11} Taylor does not dispute the fact that she and Mathys were engaged in a recreational activity at the time she was injured. Therefore, the portion of her complaint that sought recovery based on Mathys' negligent operation of the ATV was properly dismissed through summary judgment.
 {¶ 12} Furthermore, Taylor incorrectly asserts that she could not have assumed the risk because she did not anticipate that Mathys was going to drive over the snow drift. The Supreme Court has specifically addressed this issue and stated that "[i]n limiting a defendant's liability in sports and recreational activities, courts have relied upon primary assumption of the risk and have reasoned that `those entirely ignorant of the risks of a sport, still assume the risk (in this "primary" sense) by participating in a sport or simply by attending the game. The law simply deems certain risks as accepted by plaintiff regardlessof actual knowledge or consent.'" (Emphasis added.) Gentry at ¶ 12, quoting Susan M. Gilles, From Baseball Parks to the Public Arena: Assumption of the Risk in Tort Law and Constitutional Libel Law (2002), 75 Temple L.Rev. 231, 236. "[I]n a personal injury action brought for injuries sustained while an individual is a participant in or a spectator at a sport or recreational activity, the age of the participant or spectator and whether he or she was capable of appreciating the inherent risks are immaterial. Instead, recovery is dependent upon whether the defendant's conduct was either reckless or intentional." Gentry
at ¶ 13.
 {¶ 13} Accordingly, Taylor's ability to anticipate Mathys' actions is irrelevant. Instead, we must focus on Mathys' conduct and determine whether it was reckless or intentional.
 {¶ 14} Herein, there is no evidence proving that Mathys intentionally caused Taylor's injury. In fact, both Mathys' and Taylor's depositions state that the accident was unintentional. Therefore, the only remaining issue is whether Mathys' operation of the ATV was reckless.
 {¶ 15} The Supreme Court has relied on the Restatement of Torts 2d to define recklessness within this context. Marchetti,53 Ohio St.3d at 100; Thompson, 53 Ohio St.3d at 104-105. The Restatement provides the following definition:
The actor's conduct is in reckless disregard of the safety ofothers if he does an act or intentionally fails to do an actwhich it is his duty to the other to do, knowing or having reasonto know of facts which would lead a reasonable man to realize,not only that his conduct creates an unreasonable risk ofphysical harm to another, but also that such risk issubstantially greater than that which is necessary to make hisconduct negligent.
 Thompson, 53 Ohio St.3d at 104-105, quoting 2 Restatement of the Law 2d, Torts (1965), at 587, Section 500.
Comment f to Section 500, which contrasts recklessness and intentional misconduct, provides that "[w]hile an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it." Id., quoting 2 Restatement of the Law 2d, Torts (1965), at 590, Section 500. Comment g, which contrasts recklessness and negligence, states that "[t]he difference between reckless misconduct and conduct involving only such a quantum of risk as is necessary to make it negligent is a difference in the degree of risk, but this difference of degree is so marked as to amount substantially to a difference in kind." Id. Additionally, comment a adds that "* * * the risk must itself be an unreasonable one under thecircumstances." (Emphasis added.) Id., quoting 2 Restatement of the Law 2d, Torts (1965), at 588, Section 500.
 {¶ 16} Using these definitions, the Ohio Supreme Court held that "[w]hat constitutes an unreasonable risk under the circumstances of a sporting event must be delineated with reference to the way the particular game is played, i.e., the rules and customs that shape the participants' ideas of foreseeable conduct in the course of a game." Thompson,53 Ohio St.3d at 105. Specifically addressing a summary judgment motion under these circumstances, the Court found that the trial court should consider "the nature of the sport involved, the rules and regulations which govern the sport, the customs and practices which are generally accepted and which have evolved with the development of the sport, and the facts and circumstances of the particular case." Id., quoting Hanson v. Kynast (1987),38 Ohio App.3d 58, 64. An example given by the court of reckless behavior was a golf player "who hurls a club into the air in a moment of pique and injures another golfer * * *." Id.
 {¶ 17} Thus, under the definition embraced by the Supreme Court, a participant in a recreational activity or sport acts recklessly when (1) his conduct is outside of the rules or customs of the activity and (2) his conduct creates an unreasonable risk of physical harm to another. It is clear that some actions which are outside of the rules or customs of the sport do not create an unreasonable risk of harm and, thus, are not reckless. An example would be a football player who commits a holding penalty. It is equally clear that some actions which create a great risk of harm are within the custom or rules of the sport and, thus, are also not reckless. An example of this would be a football player who executes a vicious tackle of an opposing player. Therefore, in order for a participant's conduct to be reckless, it must be both outside the rules of the activity and create an unreasonable risk of harm. Again using the example of football, this would occur if one player used a stick to beat another player into submission.
 {¶ 18} First we must decide whether Mathys' operation of the ATV over the snow drift was outside of the rules and customs of the activity that he and Taylor were engaged in. Taylor and Mathys were using an ATV to pull a homemade sled through the snow. Taylor claims that it was outside of the scope of this activity to drive over the snow drift. As evidence of this, she points to the fact that the parties had never driven over the snow drift prior to the time that she was injured. However, there is no evidence that there was any set of formal rules or customs that had been established for this activity. The only other time that they had been engaged in this activity was for a few hours the day before. On the day in question they had only been on one five to ten minute run immediately prior to Taylor's injury. Moreover, there is evidence that suggests driving over the snow drift was within the scope of the parties' activity.
 {¶ 19} The depositions establish that there was no exact set course upon which the ATV always traveled. Rather, the ATV was driven over roughly the same route each time starting in Mathys' driveway, continuing through the fields behind his home and returning to the driveway. The snow drift that Mathys drove over was beside the driveway and within the approximate area where the parties had always operated the ATV. Furthermore, upon approaching the snow drift, Taylor did not request that Mathys stop the ATV, and there is no testimony that any party was surprised that Mathys went over the snow drift. In fact, Taylor testified that she did not believe that Mathys had acted recklessly in driving over the snow drift. This suggests that Taylor considered driving over the snow drift to be within the scope of the activity.
 {¶ 20} Additionally, it does not appear that Mathys' conduct created an unreasonable risk of harm. During earlier runs, Mathys had been operating the ATV at speeds of around thirty five miles per hour. When he approached the snow drift he slowed down significantly to around ten miles per hour. He went over the snow drift at such a slow pace that Vanover, who was on the sled at the time, did not even go up into the air as a result. Moreover, the snow drift was only around one foot tall, and both Taylor and Vanover testified that Mathys' had not driven over the snow drift in a dangerous manner.
 {¶ 21} At the time of her injury, Taylor was participating in an activity that involved two people using a one person ATV to pull a third person on a homemade sled through snowy fields at speeds of around thirty five miles per hour. Looking, as we must, at the facts of this particular case and the nature of the activity involved, we find that Mathys' conduct was within the customs and expectations of the parties' activity and did not create an unreasonable risk of harm. Therefore, Mathys did not act recklessly, and the trial court correctly granted Mathys' summary judgment motion. Accordingly, Taylor's second assignment of error is overruled.
 Assignment of Error I {¶ 22} In her first assignment of error, Taylor maintains that the trial court erroneously found that Mathys was immune from liability under the recreational user immunity statute, R.C.1533.181. However, as we have already found that the trial court properly granted Mathys' summary judgment motion based upon primary assumption of the risk, this assignment of error as been rendered moot. Accordingly, it will not be considered by this Court. See, App.R. 12(A)(1)(c).
 {¶ 23} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J. and Bryant, J., concur.