OPINION
{¶ 1} Defendants-appellants appeal a decision of the Clermont County Court of Common Pleas denying their motion for summary judgment in a case involving a collision between a pick-up truck and an all terrain vehicle (ATV).
 {¶ 2} 12-year-old Ryan Pope was injured while riding as a passenger on an ATV driven by 14-year-old Troy Willey. On the day of the collision, Troy drove the ATV to Ryan's house, then drove himself and Ryan to the home of a mutual friend. On the return trip, Troy attempted to drive the ATV across Clemons Road to get to a field on the other side. While crossing the road, the ATV collided with a Ford Ranger driven by Rhonda Madden. Ryan was injured in the collision.
 {¶ 3} Ryan and his parents filed a complaint against Troy and his parents, alleging that Troy negligently, recklessly and intentionally operated the ATV. The complaint also included a cause of action against Troy's grandfather, Floyd Stahl, the owner of the ATV, for negligent entrustment. Appellants moved for summary judgment, alleging that because the boys were involved in a recreational activity at the time of the accident, the applicable standard of care should include liability for reckless or intentional behavior only, not negligence. The trial court denied the motion for summary judgment.
 {¶ 4} Appellants now appeal the trial court's decision denying their motion for summary judgment. They raise the following two assignments of error for our review:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS BY FINDING THAT THE APPLICABLE STANDARD OF CARE IS NEGLIGENCE."
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS BY DENYING DEFENDANTS-APPELLANT'S [SIC] MOTION FOR SUMMARY JUDGMENT."
 {¶ 7} In their first assignment of error, appellants contend that the trial court erred by finding that the applicable standard of care is negligence. Instead, they argue that the court should have applied the "recreational activity doctrine" and found that Troy was liable only for reckless or intentional behavior.
 {¶ 8} In Marchetti v. Kalish, (1990), 53 Ohio St.3d 95, paragraph one of the syllabus, the Ohio Supreme Court determined that "[w]here individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either `reckless' or `intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d." This rule has its genesis in the doctrine of primary assumption of the risk and is based on the rationale that a participant to a sporting event or recreational activity accepts the risks associated with the sport or activity. Gentry v. Craycraft,101 Ohio St.3d 141, 2002-Ohio-379, ¶ 10-11.
 {¶ 9} Appellants argue that because the boys were involved in a recreational activity, riding an ATV, that the doctrine should apply and Troy should be held liable only for reckless or intentional behavior. They contend that the recreational activity was one continuous event, and the fact that the ATV was crossing a public road at the time of the collision is irrelevant.
 {¶ 10} We agree that ATV riding is a recreational activity. However, our analysis does not stop with this initial determination. Instead, we must determine whether the injury was a result of a foreseeable and customary part of the activity. Brown v. Columbus All Breed TrainingClub, 152 Ohio App.3d 537, 2003-Ohio-2057. This step is necessary as the limitation on liability applies only to the ordinary risks directly associated with the activity. Marchetti, 53 Ohio St.3d 95, at syllabus.
 {¶ 11} The limitation of liability for negligence during recreational activities is based on the notion that some risks are so inherent in an activity that the risks cannot be eliminated. See Gallagher v. ClevelandBrowns Football Co., 74 Ohio St.3d 427, 431, 1996-Ohio-320; Whisman v.Gator Investment Properties, Inc., 149 Ohio App.3d 225, 2002-Ohio-1850. By choosing to participate in an activity, the participant implicitly accepts those risks. Gentry at ¶ 1; Collier v. Northland Swim Club
(1987), 35 Ohio App.3d 35, 37; Cave v. Burt, Ross App. No. 03CA2730,2004-Ohio-3442. The types of risks associated with the activity are those that are foreseeable and customary risks of the sport or recreational activity. Thompson v. McNeil (1990), 53 Ohio St.3d 102, 104-106. The doctrine relieves persons providing or taking part in a recreational activity from any duty to eliminate the risks that are so inherent in the activity or sport because such risks can not be eliminated. Collier v.Northland Swim Club (1987), 35 Ohio App.3d 35, 37.
 {¶ 12} Based on this rule, courts have held that the doctrine does not apply in situations where the risk is not one that is inherent in the recreational activity itself. For instance, the risk of getting knocked to the ground by another person was held not to be a customary and foreseeable risk of a dog-training exercise. Brown v. Columbus All BreedTraining, 2003-Ohio-2057. Likewise, a faulty design in a race track was not an inherent risk assumed in the activity of go-cart racing. Goffe v.Mower (Feb. 5, 1999), Clark App. No. 98-CA-49, unreported, and being stuck by a bicycle while on the walking lane of a park path was not an inherent risk of walking. Evans v. Wills, Franklin App. No. 01AP-422, 2001-Ohio-8750.
 {¶ 13} In this case, the cause of the injury, collision with a pick-up truck on a public road, is not part of the inherent risk that can not be eliminated in the recreational activity of ATV riding. Instead, the risk is the same as any other motor vehicle driving on a public road and the same standard should apply.
 {¶ 14} In support of their position, appellants rely on a case in which the Second District determined that a snowmobile rider riding on a public road, who crossed over part of a park on his way to a friend's house was involved in recreational activity and that the fact that he was returning to the friend's house was incidental to the recreational use of the snowmobile. Price v. Village of New Madison (Oct. 26, 1994), Darke App. No. 1348.
 {¶ 15} However, the statements in Price regarding the recreational use of the snowmobile are inapplicable in the present case. The court inPrice was examining whether the recreational user statute[1] applied to the snowmobiler's activity, not whether the injured party assumed inherent risks in the activity. The fact that the boys in this case were on a public road when the injury occurred is not the primary issue. Instead, it is the nature of the danger that led to the injury. The cause of the injury in this case was not an inherent and foreseeable danger to the recreational activity of ATV riding. Had the accident occurred on the road, but as a result of the boys losing control of the ATV and the vehicle flipping, the recreational activity doctrine would apply since the cause of the injury was an inherent danger in ATV riding. See Paxtonv. Ruff, Inc. (Jan. 12, 1998), Butler App. No. CA97-04-089. Instead, the injury was a result of a danger that every user on a public road encounters and the same standard, negligence, applies. Appellants' first assignment of error is overruled.
 {¶ 16} In their second assignment of error, appellants contend that since the applicable standard of care is liability for only intentional or reckless behavior, and there is no genuine issue of material fact that Troy was not acting recklessly or intentionally, the trial court should have granted summary judgment in their favor. Likewise, appellants contend that Stahl can not be liable for negligent entrustment because there was no evidence Troy acted recklessly or intentionally. However, as discussed in the first assignment of error, the applicable standard of care is negligence, not reckless or intentional behavior. Appellants' second assignment of error is overruled.
 {¶ 17} Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] R.C. 1533.18(B).