[Cite as *Brumage v. Green*, 2014-Ohio-2552.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN   COUNTY

| | | |
|---|---|---|
| RANDALL BRUMAGE | : | |
| | : | Appellate Case No. 2014-CA-7 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2012-CV-350 |
| v. | : | |
| | : | |
| BRYAN R. GREEN | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 13th day of June, 2014.

. . . . . . . . . .

KENNETH J. IGNOZZI, Atty. Reg. #0055431, Dyer, Garofalo, Mann & Schultz, 131 North Ludlow Street, Suite 1400, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant

CHRISTOPHER W. CARRIGG, Atty. Reg. #0023947, and JENNIFER M. BRILL, Atty. Reg. #0078038, Freund, Freeze & Arnold, One Dayton Centre, 1 South Main Street, Suite 1800, Dayton, Ohio 45402
      Attorneys for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

{¶ 1}      Plaintiff-appellant Randall Brumage appeals from a summary judgment rendered

in favor of defendant-appellee Bryan Greene. Brumage contends that the trial court erred in finding that the primary-assumption-of-risk doctrine applied to injuries he sustained while riding an all-terrain vehicle on a public roadway.

{¶ 2}    We conclude that the trial court did not err in rendering summary judgment. Accordingly, the judgment of the trial court is Affirmed.

### I. Brumage Is Injured When he Flips off the ATV he Was Driving

{¶ 3}    In September 2011, Randall Brumage went to Bryan Greene's property on Flatfood Road in Cable. Shortly after Brumage arrived, John Overman, a mutual friend, brought up the idea of riding all-terrain vehicles owned by Greene. Although Brumage had never been on an ATV before, he decided to give it a try.

{¶ 4}    Greene showed Brumage how to switch gears, go in reverse, and use the brakes. The left-hand brake of the ATV on which Brumage was riding was not working well, so Greene instructed Brumage to use the right-hand brake or the foot brake if he needed to stop. Brumage took the ATV on a practice run for about fifteen minutes through an open field on Greene's property.

{¶ 5}    Brumage, Greene, and Overman then rode their ATVs for about five or ten minutes on trails through the woods on Greene's property. The three men subsequently rode the ATVs onto Flatfood Road, a public roadway. The three drove their ATVs in a single-file line about a mile down Flatfood Road and then turned back and returned to Greene's property. During this drive, Brumage kept his ATV in second gear. It was starting to get dark by the time the three men returned to Greene's property.

{¶ 6} After returning to Greene's property, all three men began drinking a bottle of beer. Overman then suggested that they go for another ride. Brumage initially said he did not want to go on another ride, but eventually agreed to do so. Greene instructed Brumage to keep the ATV in third or fourth gear during this trip. At the time the three of them began their second ride together, it was dark. The three drivers activated their headlights on the ATVs, and once again began driving on Flatfood Road, this time taking a different route than earlier. Although Greene once again led the line of ATVs during this trip, his ATV did not have any working taillights or brake lights.

{¶ 7} The three drivers traveled about one mile down Flatfood Road before turning back. Brumage traveled faster on this trip than the previous trip. Consequently, he passed Overman and was second in line on the trip back to Greene's property. As the ATVs approached Greene's driveway, they had to descend a hill with three staggered downward slopes. Once Greene reached his driveway, he stopped in the middle of Flatfood Road and positioned his ATV so that his headlights were pointing toward his driveway. When Brumage saw Greene positioned in the road, he started to brake, but did not think he would be able to stop in time. Brumage then tried to go to the right of Greene to avoid him and enter the driveway. According to Brumage, Greene then suddenly moved his ATV into Brumage's path, causing Brumage to have to sharply maneuver the ATV further to the right to avoid Greene. As a result, Brumage lost control of the ATV, flipped it, and crashed into a fence. Brumage sustained serious injuries.

## II. Course of the Proceedings

{¶ 8} Brumage brought this action against Greene in negligence, requesting damages for the injuries that occurred in September 2011 when Brumage flipped his ATV. After some

discovery, Greene moved for summary judgment, based on the theory that Brumage was engaged in a recreational activity at the time of the ATV accident.

{¶ 9}　The trial court granted Greene's motion for summary judgment. Brumage appeals.

### III. Brumage's Injury Resulted from a Risk Inherent in the
### Recreational Activity of Riding ATVs

{¶ 10}　Brumage's sole assignment of error states:

THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

{¶ 11}　When reviewing a summary judgment, an appellate court conducts a de novo review. *Village of Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "De Novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland City Schools Bd. Of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 413 N.E.2d 1187 (1980). Therefore, the trial court's decision is not granted any deference by the reviewing appellate court. *Brown v. Scioto Cty. Bd. Of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶ 12}　The trial court rendered summary judgment based on the application of the "primary-assumption-of-risk doctrine," which is applied in actions involving injuries sustained during a recreational activity. In *Horvath v. Ish*, 134 Ohio St.3d 48, 2012-Ohio-5333, 979

N.E.2d 1246, ¶ 18-19, the Supreme Court of Ohio explained the import of finding that the primary-assumption-of-risk doctrine applies:

> This court has held that "[w]here individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either reckless or intentional as defined in [2 Restatement of the Law 2d, Torts, Section 500, and 1 Restatement of the Law 2d, Torts, Section 8A (1965) ]." *Marchetti v. Kalish*, 53 Ohio St.3d 95, 559 N.E.2d 699, syllabus; *see also Thompson v. McNeill*, 53 Ohio St.3d 102, 559 N.E.2d 705. "Obviously, without our stating so, in *Marchetti* and *Thompson* we applied 'primary' assumption-of-risk principles in limiting the defendant's liability." *Gentry v. Craycraft*, 101 Ohio St.3d 141, 2004-Ohio-379, 802 N.E.2d 1116, ¶ 11. Primary assumption of the risk means that a defendant owes no duty whatsoever to the plaintiff. *Gallagher v. Cleveland Browns Football Co.*, 74 Ohio St.3d 427, 431-432, 659 N.E.2d 1232 (1996).
>
> Clearly, skiing is a sport or recreational activity. However, "only those risks directly associated with the activity in question are within the scope of primary assumption of risk." *Id.* at 432, 659 N.E.2d 1232, citing *Cincinnati Baseball Club Co. v. Eno*, 112 Ohio St. 175, 147 N.E. 86 (1925). "To be covered under the [primary-assumption-of-the-risk] doctrine, the risk must be one that is so inherent to the sport or activity that it cannot be eliminated." * * * Where the risk at issue is not inherent, then a negligence standard applies. *See Gallagher*, 74 Ohio St.3d at 432, 659 N.E.2d 1232; *see also Pope v. Willey*, 12th Dist. No.

CA2004-10-077, 2005-Ohio-4744, 2005 WL 2179317 (colliding with a truck on a road is not an inherent risk of riding an all-terrain vehicle); *Goffe v. Mowell*, 2d Dist. No. 98-CA-49, 1999 WL 55693 (Feb. 5, 1999) (faulty racetrack design is not an inherent risk of go-cart racing).

{¶ 13} In order to apply the primary-assumption-of-the-risk doctrine, a court must find that the injury resulted from a recreational activity. "Cases have held that driving and riding on an ATV is a recreational activity." *Curtis v. Schmid*, 5th Dist. Delaware No. 07 CAE 11 0065, 2008-Ohio-5239, ¶ 55, citing *Pope v. Willey*, 12th Dist. Clermont No. CA2004-10-077, 2005-Ohio-4744 and *Taylor v. Mathys*, 3d Dist. Union No. 14-04-32, 2005-Ohio-150. *See also West v. Devendra*, 2012-Ohio-6092, 985 N.E.2d 558, ¶ 16 (7th Dist.). We agree with our sister courts, and conclude that Brumage and Greene were engaged in a recreational activity when they were riding the ATVs.

{¶ 14} "The types of risks associated with the activity are those that are foreseeable and customary risks of the sport or recreational activity." *Schmid* at ¶ 54, citing *Thompson v. McNeil*, 53 Ohio St.3d 102, 104-106, 559 N.E.2d 705 (1990). "Losing control and flipping an ATV is a foreseeable and customary risk associated with the activity of driving or riding on an ATV." (Citation omitted.) *Schmid* at ¶ 56.

{¶ 15} Brumage contends that "[t]his is not a case where Brumage was injured from the simple loss of control of an ATV he was riding." Brief, p. 14. Brumage contends that the risks he faced in this case were greater than are customary in the recreational activity of riding ATVs because: (1) the ATVs were solely operated on the public roadway; (2) the participants took a different route on their second ATV ride on the roadway; (3) Greene positioned himself sideways

on the road in front of his driveway at the bottom of a hill; (4) Greene encouraged Brumage to drive the ATV in third or fourth gear rather than in second gear; and (5) Greene moved the ATV forward suddenly, which cut off Brumage's lane of travel and caused Brumage to flip off the ATV. *Id.*

{¶ 16} Brumage cites a number of facts that arguably contributed to the ultimate injuries in this case resulting from the ATV crash. As noted above, however, flipping off an ATV and getting injured is a risk that is inherent in the recreational activity of riding an ATV. Indeed, "[e]xamples of what causes a driver to lose control of the ATV could be because of speed, terrain or failure to follow safety procedures." *Devendra* at ¶ 26. But "[w]hat causes the driver to lose control is better addressed when determining whether the driver acted intentionally, recklessly or negligently." *Id.*

{¶ 17} Brumage cites *Pope v. Willey*, 12th Dist. Clermont No. CA2004-10-077, 2005-Ohio-4744, for the proposition that being injured while riding an ATV on a public roadway is not a risk inherent in the recreational activity of riding an ATV. In *Pope*, the twelve-year-old plaintiff was hit by a pick-up truck while riding as a passenger on an ATV. The pick-up truck struck the ATV when the driver of the ATV attempted to cross the public roadway. The court held that "the cause of the injury, collision with a pick-up truck on a public road, is not part of the inherent risk that can not be eliminated in the recreational activity of ATV riding. Instead, the risk is the same as any other motor vehicle driving on a public road and the same standard should apply." Id. at ¶ 13.

{¶ 18} The *Pope* court then clarified that its holding did not hinge on the fact that the injury occurred on a public roadway:

The fact that the boys in this case were on a public road when the injury occurred is not the primary issue. Instead, it is the nature of the danger that led to the injury. The cause of the injury in this case was not an inherent and foreseeable danger to the recreational activity of ATV riding. Had the accident occurred on the road, but as a result of the boys losing control of the ATV and the vehicle flipping, the recreational activity doctrine would apply since the cause of the injury was an inherent danger in ATV riding. *See Paxton v. Ruff, Inc.* (Jan. 12, 1998), Butler App. No. CA97-04-089. Instead, the injury was a result of a danger that every user on a public road encounters and the same standard, negligence, applies.

*Pope* at ¶ 15.

{¶ 19} Unlike the facts in *Pope*, the injuries involved in the case before us were caused by the flipping of an ATV, which is an inherent risk of participating in the recreational activity of riding an ATV. Consequently, we conclude that the trial court did not err in finding that the doctrine of primary assumption of risk barred Brumage's claim of negligence against Greene. Furthermore, although the facts alleged by Brumage arguably could establish that Greene's actions were reckless, recklessness was not pled in the complaint. Therefore, summary judgment was appropriate. *Devendra* at ¶ 33.

{¶ 20} Brumage's sole assignment of error is overruled.

## IV. Conclusion

{¶ 21} Brumage's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.


Copies mailed to:

Kenneth Ignozzi
Christopher W. Carrigg
Jennifer M. Brill
Hon. Nick A. Selvaggio