[Cite as *McBride v. Butler*, 2018-Ohio-1251.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

KATELYN D. MCBRIDE,

    PLAINTIFF-APPELLANT,             CASE NO. 3-17-20

    v.

FRANK E. BUTLER, ET AL.,              O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Crawford County Common Pleas Court
Trial Court No. 15 CV 234

**Judgment Affirmed**

Date of Decision:   April 2, 2018

**APPEARANCES:**

    *Kevin J. Zeiher* for Appellant

    *Victoria D. Barto* for Appellee, State Auto Insurance Company of Ohio

**SHAW, J.**

{¶1} Plaintiff-Appellant, Katelyn McBride appeals the November 3, 2017 judgment of the Crawford County Court of Common Pleas granting the motion for summary judgment filed by State Auto Insurance Company of Ohio ("State Auto"). On appeal, Katelyn argues that the trial court erred in granting the motion for summary judgment because a genuine issue of material fact had yet to be litigated.

*Facts and Procedural History*

{¶2} On August 12, 2013, McBride was seated behind Frank Butler who was operating a 2004 Artic Cat all-terrain vehicle ("ATV") travelling between 15-20 miles per hour down Water Street in Oceola located in Crawford County, Ohio. Butler and Katelyn were returning from Butler's mother's home to Butler's home when Butler lost control of the ATV. Butler's wife, Christie, was operating a second ATV travelling in the opposite direction and observed both Butler and Katelyn being ejected from the vehicle in separate directions as Butler lost control. According to Christie, Katelyn rolled several times with the ATV before it came to a complete stop. Christie found an old screwdriver on the road, which she surmised caused Butler to lose control of the ATV when he passed over it. Katelyn was transported by life flight to a Toledo Hospital with a broken collar bone, a fractured skull, brain swelling, and several abrasions.

{¶3} On August 7, 2015, Katelyn filed a complaint for damages and a declaratory judgment asserting personal injury and products liability related causes of actions against Frank Butler, Jason Berecek, State Auto, and Artic Cat, Inc. [1] State Auto filed an answer and a crossclaim against Katelyn, and the other defendants, requesting an order declaring the rights of all parties with respect to the counts and claims, and a judgment against the defendants for any contractual reimbursement and/or tort subrogation with respect to the amounts it may be required to pay under any Uninsured Motorist/Underinsured Motorist coverage or medical payment coverage.

{¶4} On January 5, 2016, the case was transferred to inactive status due to Butler filing a petition for Chapter 7 Bankruptcy. An Order of Discharge was issued by the United States Bankruptcy Court on February 5, 2016, and the case was returned to active status on the trial court's docket.

{¶5} On August 5, 2016, Katelyn voluntarily dismissed all claims asserted against Artic Cat, Inc. and subsequently filed an amended complaint.

{¶6} On June 1, 2017, State Auto filed a motion for summary judgment contending that Katelyn assumed the inherent risks associated with the recreational

---

[1] The record reveals that the titled owner of the ATV was Jason Berecek, who apparently sold or gave Butler the ATV, but had not yet transferred title. State Auto provided automobile insurance, with Uninsured Motorist/Underinsured Motorist coverage, to Katelyn's mother and step-father and to Katelyn as a "Family Member" under the policy. Arctic Cat, Inc., is the manufacturer and supplier of the 2004 ARCA ATV involved in the accident.

activity of riding an ATV—specifically that the operator could lose control and the ATV could roller over—which obviated any duty of care owed to Katelyn and barred her claims from recovery. Katelyn filed a response maintaining that the primary assumption of risk doctrine did not apply in this instance because a genuine issue of fact remained as to whether Katelyn was truly engaged in a recreational activity to invoke the doctrine when she was merely using the ATV as transportation from one home to another on a public road.

{¶7} On November 3, 2017, the trial court issued a judgment entry granting State Auto's motion for summary judgment finding no genuine issue of material fact and concluding that State Auto was entitled to judgment as a matter of law.

{¶8} Katelyn filed this appeal, asserting the following assignment error.

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND THAT THERE IS NO GENUINE ISSUE OF MATERIAL FACT YET TO BE LITIGATED AND THAT DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW.**

{¶9} In her sole assignment of error, Katelyn challenges the trial court's grant of summary judgment in favor of State Auto on the basis that she was engaged in a recreational activity—i.e., riding an ATV—when she was injured, and thus assumed the risk that the operator of the ATV could lose control and flip over. According to the trial court's ruling, Katelyn's assumption of the risk negated any

duty of care owed to her by Butler while riding behind him as a passenger on the ATV.

*Standard of Review*

{¶10} We review a trial court's decision on a motion for summary judgment *de novo*. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Thus, this court conducts an independent review of the evidence and arguments that were before the trial court without deference to the trial court's decision. *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist.1993) (citation omitted).

{¶11} Pursuant to Civ.R. 56(C), summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). "When seeking summary judgment on grounds that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims." *Lundeen v. Graff*, 2015-Ohio-4462, ¶ 11, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once the moving party meets its

initial burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial. *Dresher* at 293.

*Relevant Law*

**{¶12}** To recover on a claim for negligence, as alleged by Katelyn, the plaintiff must prove (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, and (3) the breach of the duty proximately caused the plaintiff's injury. *Gentry v. Collins*, 12th Dist. Warren No. CA2012-06-048, 2013-Ohio-63, ¶ 13, citing *Wellman v. E. Ohio Gas Co.*, 160 Ohio St. 103, 108-09 (1953). However, the effect of raising primary assumption of the risk as a defense, if successful, "means that the duty element of negligence is not established as a matter of law, [preventing] the plaintiff from even making a prima facie case." *Gallagher v. Cleveland Browns Football Co.*, 74 Ohio St.3d 427, 431-32 (1996); *see also, Morgan v. Ohio Conference of the United Church of Christ*, 10th Dist. Franklin No. 11AP-405, 2012-Ohio-453, ¶ 14 ("The affirmative defense of primary assumption of the risk completely negates a negligence claim because the defendant owes no duty to protect the plaintiff against the inherent risks of the recreational activity in which the plaintiff engages."). The application of primary assumption of the risk to a particular case is a question of law. *Parker v. Patrick*, 12th Dist. Brown No. CA2011-12-027, 2012-Ohio-3312, ¶ 15.

**{¶13}** According to the Supreme Court of Ohio, "where individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either 'reckless' or 'intentional.' " *Gentry v. Craycraft*, 101 Ohio St.3d 141, 2004-Ohio-379, ¶ 6, quoting *Marchetti v. Kalish*, 53 Ohio St.3d 95 (1990), syllabus. "This rule has its genesis in the doctrine of primary assumption of the risk and is based on the rationale that a participant to a sporting event or recreational activity accepts the risks associated with the sport or activity." *Pope v. Willey*, 12th Dist. Clermont No. CA2004-10-077, 2005-Ohio-4744, ¶ 8. "The doctrine relieves persons providing or taking part in a recreational activity from any duty to eliminate the risks that are so inherent in the activity or sport because such risks [cannot] be eliminated." *Id*. at ¶ 11, citing *Collier v. Northland Swim Club*, 35 Ohio App.3d 35, 37 (10th Dist.1987). "By choosing to participate in an activity, the participant implicitly accepts those risks." *Deutsch v. Birk*, 189 Ohio App.3d 129, 2010-Ohio-3564, ¶ 12 (12th Dist.). The types of risks associated with the activity are those that are foreseeable and customary risks of the sport or recreational activity. *Thompson v. McNeill*, 53 Ohio St.3d 102, 104-106 (1990).

*Analysis*

**{¶14}** On appeal, Katelyn maintains that summary judgment was inappropriate because a question of fact remains as to whether she was engaged in

a "reactional activity." Katelyn contends that, at the time she sustained her injuries, she was simply being transported from one home to another at a reasonable speed on a public roadway when Butler ran over the screwdriver, which apparently caused him to lose control of the ATV. Katelyn attempts to distinguish her use of the ATV, in this instance, from the more common recreational use on private property, travelling over rugged terrain, where she argues the risk of the ATV rolling over can be greater appreciated. Thus, Katelyn contends that being injured while riding an ATV at a reasonable speed on a public roadway and running over an object left in the roadway which caused the ATV roll over is not a risk inherent or customary to riding an ATV.

{¶15} In support of this contention, Katelyn relies heavily upon *Pope v. Willey*, 12th Dist. Clermont No. CA2004-10-077, 2005-Ohio-4744. In *Pope*, the twelve-year-old plaintiff was struck by a pick-up truck while riding as a passenger on an ATV. The pick-up truck collided with the ATV when the driver of the ATV attempted to cross the public roadway. The court in *Pope* held that "the cause of the injury, collision with a pick-up truck on a public road, is not part of the inherent risk that can not be eliminated in the recreational activity of ATV riding. Instead, the risk is the same as any other motor vehicle driving on a public road and the same standard should apply." *Id.* at ¶ 13. However, the court in *Pope* specifically disavowed the proposition that its holding hinged upon the fact that the plaintiff's

injury occurred on a public roadway, as Katelyn is now contending. Rather, the court in *Pope* stated:

> **The fact that the boys in this case were on a public road when the injury occurred is not the primary issue. Instead, it is the nature of the danger that led to the injury. The cause of the injury in this case was not an inherent and foreseeable danger to the recreational activity of ATV riding.** *Had the accident occurred on the road, but as a result of the boys losing control of the ATV and the vehicle flipping, the recreational activity doctrine would apply since the cause of the injury was an inherent danger in ATV riding.* **See Paxton v. Ruff, Inc. (Jan. 12, 1998), Butler App. No. CA97-04-089. Instead, the injury was a result of a danger that every user on a public road encounters and the same standard, negligence, applies.**

*Pope* at ¶ 15.

{¶16} It certainly cannot be said that the same circumstances that led to Katelyn's injuries in this case—specifically, driving over a small metal object, which may have caused Butler to lose control and roll the all-terrain vehicle—is a danger that every user on a public road encounters so that the same standard negligence should apply. Rather, "[l]osing control and flipping an ATV is a foreseeable and customary risk associated with the activity of driving or riding on an ATV." *Ochall v. McNamer*, 10th Dist. Franklin No. 15AP-7722, 2016-Ohio-8493, ¶ 46, quoting *Brumage v. Green*, 2d Dist. No. 2014-CA-7, 2014-Ohio-2552 at ¶ 14; *see also Curtis v. Schmid*, 5th Dist. Delaware No. 07 CAE 11 0065, 2008-Ohio-5239, ¶ 56, citing *Paxton v. Ruff*, 12th Dist. Butler No. CA97-04-089 (Jan. 12, 1998).

{¶17} We find that the rationale utilized by Second Appellate District in *Brumage v. Green* to be persuasive in analyzing the issue raised by Katelyn on appeal. 2d Dist. Champaign No. 2014-CA-7, 2014-Ohio-2552. In *Brumage*, the plaintiff argued that certain factors specific to the incident, including that he was driving the ATV on a public roadway, made the risks he faced "greater than are customary in the recreational activity of riding ATVs" and were not so inherent to the activity or foreseeable that he could be deemed to have assumed those risks. *Brumage* at ¶ 15.[2] The court in *Brumage* refused to address the plaintiff's incident specific arguments, because "flipping off an ATV and getting injured is a risk that is inherent in the recreational activity of riding an ATV." *Id*. at ¶ 16.

{¶18} The court in *Brumage* further observed that, " '[w]hat causes the driver to lose control is better addressed when determining whether the driver acted intentionally, [or] recklessly.' " *Brumage* at ¶ 16, quoting *West v. Devendra*, 2012-Ohio-6092, ¶ 26; *see also, Morgan v. Kent State Univ.*, 10 Dist. Franklin No. 15AP-685, 2016-Ohio-3303, ¶ 22, 25. In this instance, it is undisputed by the parties that Butler was operating the ATV in a reasonable manner, and there is no evidence in the record to support the notion that Butler acted intentionally to injure Katelyn or that he was recklessly operating the ATV.

---

[2] The Plaintiff in *Brumage* was injured as a result of his failure to break in time while travelling down a hill on a public roadway when his friend, who was operating a second ATV, suddenly moved into Brumage's path. Brumage tried to avoid the collision with the second ATV, but lost control of his ATV and flipped it into a fence. Brumage sustained serious injuries as result of the accident.

{¶19} In sum, we concur with reasoning set forth in *Brumage* based upon the premise that "flipping off an ATV and getting injured is a risk that is inherent in the recreational activity of riding an ATV." *Brumage* at ¶ 15. For similar reasons, we also decline to accept Katelyn's incident specific argument and likewise conclude that the doctrine of primary assumption of the risk bars Katelyn's claims for recovery. Accordingly, we conclude that the trial court did not err in granting State Auto's motion for summary judgment and we overrule the assignment of error.

{¶20} Based on the foregoing, the assignment of error is overruled and judgment of the trial court is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and PRESTON, J.J., concur.**

**/jlr**